IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD C. JEFFERSON, )
      Plaintiff )   C.A. 13-220 Erie
)
v. )
)   Magistrate Judge Baxter
MAXINE OVERTON, et al., )
      Defendants. )

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

### I. INTRODUCTION

#### A. Relevant Procedural History

Plaintiff Leonard C. Jefferson, a prisoner formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion")[2], originally filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in the Court of Common Pleas of Erie County, Pennsylvania. Defendants removed the case to this Court pursuant to a Notice of Removal dated July 19, 2013[ECF No. 1]. Plaintiff subsequently filed an amended complaint with this Court on October 7, 2013, which supersedes the original complaint and is the operative pleading in this case [ECF No. 9]. Named as Defendants in the amended complaint are: Maxine Overton ("Overton"), former Correctional Health Care Administrator at SCI-Albion; Christine Zirkle ("Zirkle"), Overton's successor as Health Care Administrator at SCI-Albion; and Jean Oakes ("Oakes"), Infection Control Nurse at SCI-Albion.

In his *pro se* amended complaint, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights, and

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 3, 4].

[2] Plaintiff is currently incarcerated at the State Correctional Institution at Cranston, Rhode Island (ECF No. 18).

violated his rights under the Equal Protection Clause of the Fourteenth Amendment and the Americans with Disabilities Act ("ADA"). In addition, Plaintiff has asserted a pendent state law claim of medical negligence. As relief for his claims, Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages.

On October 28, 2013, Defendants filed a motion to dismiss Plaintiff's amended complaint [ECF No. 15], asserting that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has since filed a brief in response to Defendants' motion, essentially re-asserting the allegations of the amended complaint. [ECF No. 20]. This matter is now ripe for consideration.

### B.      Relevant Factual History[3]

Plaintiff alleges that he suffers from an "obstructed prostate" that requires him to use a urethral catheter to empty his bladder "4 or 5 times daily." (ECF No. 9. Amended Complaint, at ¶¶ 10-12). Defendants provide Plaintiff with seven (7) catheters each week, thus requiring him to wash and re-use the same catheter several times each day. (Id. at ¶¶ 14-16). Plaintiff's requests for additional catheters, as well as sterile gloves and antiseptic wipes, were denied by Defendants. (Id. at ¶22). Over the two-year period preceding the filing of his complaint, Plaintiff suffered nine (9) urinary tract infections, which he attributes to the fact that he has only been provided one catheter to use each day. (Id. at ¶¶ 17-18). As a result, Plaintiff alleges that his "prostate has become severely, and maybe permanently, infected." (Id. at ¶ 27).

### C.      Standards of Review

#### 1.      Motion to Dismiss

---

[3] The factual history set forth herein is derived from the allegations of Plaintiff's Amended Complaint, which are accepted as true for purposes of deciding Defendants' motions to dismiss, in accordance with Fed.R.Civ.P. 12(b)(6).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead

3

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g.,

Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion
#### 1. Eighth Amendment Deliberate Indifference Claim

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[4] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of

---

[4] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Here, Plaintiff claims that by forcing him to wash and re-use the same catheter several times a day, Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In particular, Plaintiff claims that he has suffered nine urinary tract infections within a two-year period because Defendants forced him to re-use a single catheter each day. In support of this claim, Plaintiff refers to the catheter's packaging label, which specifically states that it is for "single use" only. (ECF No. 9, Amended Complaint, at ¶24; ECF No. 1-1 at p. 11). Defendants counter that the package does not restrict the catheter to single use, but, instead, cautions that the catheter is for single **patient** use only, to prevent sharing of the catheter with others. (ECF No. 16, Defendants' Brief, at p. 4). A plain reading of the packaging label referenced by Plaintiff, however, does not render the interpretation Defendants adamantly propose. Defendants' further arguments that the procedures followed by Defendants were "in accordance with DOC policies and community standards" and were "consistent with the professional opinions of the institution's medical staff," are beyond the bounds of a motion to dismiss and are ill-supported by the record presently before the Court.

Thus, the Court finds that Plaintiff has sufficiently alleged a claim of deliberate indifference to his serious medical needs at the pleading stage. As a result, Defendants' motion to dismiss Plaintiff's Eighth Amendment claim will be denied.

### 2.     Equal Protection Claim

Plaintiff alleges that in September 2012 he witnessed SCI-Albion's medical staff issuing three (3) catheters per day to a wheelchair-bound inmate, at the same time they were issuing seven catheters per week to Plaintiff. (ECF No. 9, Amended Complaint, at ¶¶ 31-33). As a result, Plaintiff claims that he received unequal treatment in violation of his equal protection rights under the Fourteenth Amendment.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike' " Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996), quoting City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "When a state policy does not adversely affect a suspect class or impinge upon a fundamental right, all that is constitutionally required of the state's program is that it be rationally related to a legitimate state object." Coakley v. Murphy, 884 F.2d 1218, 1222 (9th Cir. 1989), citing Massachusetts Bd. Of Retirement v. Murgia, 427 U.S. 307, 314 (1976).

Thus, classifications involving a suspect or quasi-suspect class, or actions that impact certain fundamental constitutional rights, are subject to heightened or "strict" scrutiny. City of Cleburne, 473 U.S. at 439. Other classifications are subject to the "rational basis" test, which requires that a classification need only be rationally related to a legitimate state interest to survive an equal protection challenge. F.C.C. v. Beach Communications, Inc., 508 U.S. 307 (1993) (state action that does not affect a suspect category or infringe on a fundamental constitutional right must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification); Chapman v. United States, 500 U.S. 453, 465 (1991).

Here, Plaintiff has not alleged that he is a member of a suspect class, as it is well settled

that prison inmates are not a suspect class. Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001); See also Nicholas v. Tucker, 114 F.3d 17, 20 (2d Cir. 1997) (inmates are not suspect class so as to require more exacting scrutiny), cert. denied, 523 U.S. 1126 (1998); Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997); Zehner v. Trigg, 133 F.3d 459, 463 (7th Cir. 1997). In addition, Plaintiff's allegation that Defendants refused to provide him with a sufficient number of catheters for daily use does not implicate a fundamental right.

There being no suspect class or fundamental right at issue, Plaintiff must show that the treatment he received (issuance of seven catheters per week) was unlike that received by inmates similarly situated to him and was not rationally related to a legitimate government interest. Plaintiff argues that the other inmate who received three catheters per day was similarly situated to him simply because they were both issued catheters. No other similarities are noted; yet, Plaintiff's allegations do note a significant difference, in that the other inmate was wheelchair-bound while Plaintiff's is able-bodied.

Simply stated, Plaintiff has failed to satisfy his burden of demonstrating that the individual he alleges "[was] treated differently [was] so similar to [him] that there is no rational basis for the distinctions which Defendants ma[d]e." Little v. Terhune, 200 F.Supp.2d 445, 451 (D.N.J. 2002), quoting Holy Name Soc'y v. Horn, 2002 WL 959408, at *13 (E.D.Pa. Aug. 21, 2001). In fact, with regard to discretionary decisions, courts in this Circuit have found it improbable that prisoners can be found to be similarly situated to one another for equal protection purposes, under any circumstances. See Rowe v. Cuyler, 534 F.Supp. 297, 301 (E.D.Pa. 1982), aff'd 696 F.2d 985 (3d Cir. 1982) ("[i]t is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics"). Accord Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. Sept. 5, 1997); Adams v. McAllister, 798 F.Supp. 242, 246 (M.D.Pa.

8

1992); Carter v. Zimmerman, 1989 WL 64581 (E.D.Pa. June 12, 1989), aff'd 897 F.2d 521 (3d Cir. 1990); Johnson v. Paparozzi, 219 F.Supp.2d 635, 644 (D.N.J. 2002); Bagwell v. Brewington-Carr, 2000 WL 1728148, at * 19 (D.Del. Apr. 27, 2000).

Because Plaintiff cannot meet his burden of demonstrating that he was similarly situated to other inmates who allegedly received more favorable treatment than he, Plaintiff's equal protection claim will be dismissed.

### 3. ADA Claim

Although not explicitly stated as a separate cause of action, Plaintiff's allegations include a statement that Defendants failed to comply with the ADA. (ECF NO. 9, Amended Complaint, at ¶ 39(b)). To the extent this statement is intended to state an ADA claim against Defendants, such claim fails.

Title II of the ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services or activities of a public entity or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The term "public entity," as defined by Title II of the ADA, does not include individuals. 42 U.S.C. § 12131(1). Thus, the law is clear that individuals, sued in their official capacities, are not "public entities" under the ADA and are not subject to liability thereunder. Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002)(individuals are not subject to liability under Titles I or II of the ADA). Accordingly, Plaintiff's ADA claims against the Defendants, to the extent Plaintiff seeks monetary damages, are barred as a matter of law and will be dismissed.

The Third Circuit has recognized an exception to this general rule to the extent a plaintiff seeks prospective injunctive relief against state officials acting in their official capacities. Koslow v. Commonwealth of Pa., 302 F.3d 161, 178 (3d Cir. 2002). Here, Plaintiff has, in fact, requested prospective injunctive relief against Defendants; however, such claim for relief is now moot due

to the fact that Plaintiff is no longer incarcerated at SCI-Albion. For this reason, Plaintiff's ADA claim, to the extent stated, will be dismissed in its entirety.

### 4. State Law Medical Negligence Claim

Plaintiff's final claim is a medical negligence claim under Pennsylvania law. Defendants seek dismissal of this claim because Plaintiff failed to file a certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3, which provides:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, **shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party** ...

Pa.R.C.P. 1042.3(a)(emphasis added). The certificate of merit must state either: (1) that an appropriate licensed professional has opined in writing that there is a reasonable probability that the defendant's care did not measure up to professional standards and caused the plaintiff's injury; (2) that the claim against the defendant is based on respondeat superior (in which case, the plaintiff must obtain an opinion from an appropriate licensed professional that there is a reasonable probability that the care provided by the defendant's agents did not measure up to professional standards and caused the plaintiff's injury); or (3) that expert testimony is unnecessary to the plaintiff's claim. Pa.R.C.P. 1042.3(a)(1-3).

Rule 1042.3 applies regardless of whether state law claims are brought under supplemental jurisdiction or under diversity jurisdiction, as here. See Rodriguez v. Smith, 2005 WL 1484591 at * 7 n. 13 (E.D.Pa. June 21, 2005). Moreover, federal courts within this district have uniformly held that Rule 1042.3 is a substantive rule of law that must be complied with by a plaintiff bringing a diversity professional negligence suit in a federal court sitting in Pennsylvania. See, e.g., Iwanejko v. Cohen & Grigsby, P.C., 249 Fed.Appx. 938, 944 (3d Cir.

2007) (holding that district court "correctly applied Rule 1042.3 as substantive state law"); Bond v. Rhodes, 2008 WL 763737 at *3 (W.D.Pa. Mar. 20, 2008)(dismissing professional negligence claim based upon Plaintiff's failure to comply with Rule 1042.3); Stroud v. Abington Memorial Hosp., 546 F.Supp.2d 238, 248 (E.D.Pa. 2008)(holding that "Federal courts in Pennsylvania have uniformly held that the [certificate of merit] requirement is a substantive rule of law that applies in professional liability actions proceeding in federal court"); Rodriguez at *7 (holding that "Rule 1042.3 should be applied by federal courts as controlling substantive law" and dismissing professional negligence claim, without prejudice, due to plaintiff's failure to fully comply with the rule). Where a plaintiff fails to timely file a certificate of merit under Rule 1042.3, the defendant(s) may seek dismissal of the claim.

In this case, it is undisputed that Plaintiff did not submit a certificate of merit within the sixty (60) days required by Rule 1042.3. In fact, Plaintiff did not obtain the required certificate even after the filing of the instant motion to dismiss, which gave him notice that one was needed. Thus, Defendants are entitled to have Plaintiff's medical negligence claim against them dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD C. JEFFERSON, | ) | |
|     Plaintiff | ) | C.A. No. 13-220 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| MAXINE OVERTON, et al., | ) | |
|     Defendants | ) | |

# ORDER

AND NOW, this 30th day of June, 2014,

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 15] is granted in part and denied in part as follows:

1. Defendants' motion to dismiss Plaintiff's Eighth Amendment deliberate indifference claim is DENIED, and such claim shall proceed beyond the pleading stage;

2. Defendants' motion to dismiss is GRANTED in all other respects, such that Plaintiff's Fourteenth Amendment equal protection claim, ADA claim, and state law medical negligence claim are DISMISSED.

    /s/ Susan Paradise Baxter
    SUSAN PARADISE BAXTER
    United States Magistrate Judge